## CAMILLE, Inc., v. F. W. FITCH CO.
### No. 21.

District Court, S. D. Iowa, Central Division.
Nov. 20, 1939.

A. W. Murray, of Chicago, Ill., and Wm. N. Plymat, of Des Moines, Iowa, for plaintiff.

Bair & Freeman, of Chicago, Ill., for defendants.

DEWEY, District Judge.

In the above entitled action the plaintiff on October 4, 1939, filed a petition asking that the defendant company and F. W. Fitch and Lester R. Sandahl, individually, and as officers of the defendant company, be punished for violation of an injunction of this court.

The petition was set down for hearing on October 7, 1939; the defendants appeared personally and by counsel and, after evidence was introduced, the hearing was continued to await the result of the action of the Circuit Court of Appeals of this Circuit. That court having affirmed the decree, the matter was again set down for hearing on the 4th day of November, 1939. Further evidence was introduced and the evidence closed. Oral

arguments were had and at the request of the defendants the parties were given 10 days in which to file written briefs. Exhaustive briefs have been filed and the court fully advised.

■ The defendants at the time of the filing of their brief asked for an order permitting them to offer in evidence a certified copy of an order entered by the District Court of the Southern District of New York in the case of F. W. Fitch & Company v. Camille, Inc. The proffered order does not appear to bear upon any question material to the case, other than on the question of plaintiff's good faith, the attack upon which is without merit, and said offer is denied.

The action arose primarily to determine whether or not the F. W. Fitch Company had been guilty of unfair competition in the marketing of a product to stop runs in women's silk stockings. See Camille, Inc. v. F. W. Fitch Co., D.C., 27 F.Supp. 752. By a decree dated May 19, 1939, the court resolved the case in favor of the plaintiff and, among other things, provided in the decree, that the defendant F. W. Fitch Company, and its officers, servants, agents, employees and attorneys are permanently enjoined—

"(5) from using a container simulating the general appearance or dress of package of plaintiff's 'Run-R-Stop' preparation;

"(6) from using counter display cards simulating the general appearance of plaintiff's counter display cards, advertising and displaying its 'Run-R-Stop' product."

The decree of the court was affirmed in all particulars by the Circuit Court of Appeals, 8 Cir., 106 F.2d 635, and a mandate of affirmance was filed October 16, 1939. The plaintiff alleges that since the signing of the decree by this court the defendants have simulated and used the general appearance both of the dress of package of plaintiff's preparation and its counter display cards.

The evidence establishes that soon after the signing of the decree the officers of the defendant company, with its attorneys, met and determined to put out a container and display cards differing to some extent from those that had been used in unfair competition, and that large quantities of such changed containers and changed advertising cards had been put on the market; the testimony showing that some $10,-000 had been spent in advertising the same since the signing of the decree.

The evidence also establishes that the product so put out was in a container that simulated the general appearance or dress of package of plaintiff's preparation and that the display cards used by the defendant also simulated the general appearance of plaintiff's counter display cards.

The defendants practically admit that the container or vanity and the display cards used by them since the decree do simulate to some extent the container and display cards of the plaintiff, but contend that the simulation in order to make them responsible for a violation of the injunction must be a simulation "which is unfair," or "wrongful or unlawful simulation," and must be a simulation "which will mislead the public," and such a simulation as "is used in connection with unfair competition cases."

■ We agree with the defendants that the injunction is to be construed with reference to the nature of the proceedings and the purpose of the injunction. The nature of the proceedings was to stop the defendants from unfair competition and the purpose of the injunction was to prevent the defendants from again engaging in unfair competition.

The defendant company having been found guilty of unfair competition, the court was necessarily endeavoring to prevent the defendants and persons merchandizing their product from being tempted to again act in an unfair manner as against the plaintiff. In doing so the court enjoined the defendant company and its officers from simulating the product and advertising of the plaintiff.

■ Questions whether or not the decree was too broad in this regard are not now before the court and even if they were, the court would feel that its provisions are not too broad under the circumstances shown both before and since the decree.

I therefore find as facts:

1. That since the signing of the decree in this case, and prior to the filing of the petition here, the defendant F. W. Fitch Company, and F. W. Fitch and Lester R. Sandahl, as individuals and officers of the defendant company, have knowingly violated the decree of this court: (a) in using a container simulating the general appearance or dress of package of plain-

534

tiff's "Run-R-Stop" preparation, and (b) in using counter display cards simulating the general appearance of plaintiff's counter display, advertising and displaying its "Run-R-Stop" product.

2. That the violation of the decree was done under advice of counsel and was not done wilfully.

3. That the use of the prohibited articles was extensive.

■ And as conclusions of law, I find:

1. That the defendant F. W. Fitch Company, and F. W. Fitch and Lester R. Sandahl, individually and as officers of said company, have violated an injunction order of this court and are adjudged in contempt of court.

2. That the defendant company should be and is hereby fined the sum of one thousand dollars ($1,000); F. W. Fitch should be and is fined in the sum of one hundred dollars ($100); and Lester R. Sandahl should be and is fined in the sum of two hundred fifty dollars ($250).

The Clerk will enter judgment against said parties in said amounts with the costs taxed against the defendant F. W. Fitch Company. Defendant F. W. Fitch Company, and F. W. Fitch and Lester R. Sandahl, individually, except to all findings and conclusions herein made.